**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SAYDATOU TATIETA and
ISMAILA ILBOUDO,

Plaintiffs,

vs. Case No. 3:22-cv-1046-TJC-JBT

AUTO EXPORT SHIPPING INC.,
AUTO EXPORT SHIPPING MANAGEMENT,
GRIMALDI DEEP SEA SPA (GRIMALDI),
GRIMALDI MANAGEMENT, SSA ATLANTIC,
LLC., HORIZON TERMINAL SERVICES LLC.,
HOEGH AUTOLINERS SHIPPING AS,
HOEGH AUTOLINERS MANAGEMENT AS,
HOEGH AUTOLINERS, INC.,

Defendants

_______________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES OF GRIMALDI DEEP SEA, S.p.A. TO THE AMENDED COMPLAINT OF SAYDATOU TATIETA AND ISMAILA ILBOUDO, PLAINTIFFS**

Pursuant to Rule F(8), Federal Rules of Civil Procedure, Defendant, GRIMALDI DEEP SEA S.p.A. ("Grimaldi"), improperly sued herein as GRIMALDI DEEP SEA S.P.A., responds to the Amended Complaint of SAYDATOU TATIETA and ISMAILIA ILBOUDI, Plaintiffs, as follows:

**FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP**

1. The allegations of Paragraph No. 1 of the Amended Complaint are denied.
2. The allegations of Paragraph No. 2 of the Amended Complaint are denied.
3. The allegations of Paragraph No. 3 of the Amended Complaint are admitted.
4. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 4 of the Amended Complaint, and the same are therefore denied.
5. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 5 of the Amended Complaint, and the same are therefore denied.
6. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 6 of the Amended Complaint, and the same are therefore denied.
7. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 7 of the Amended Complaint, and the same are therefore denied.

8. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 8 of the Amended Complaint, and the same are therefore denied.

9. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 9 of the Amended Complaint, and the same are therefore denied.

10. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 10 of the Amended Complaint, and the same are therefore denied.

11. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 11 of the Amended Complaint, and the same are therefore denied.

12. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 12 of the Amended Complaint, and the same are therefore denied.

13. Grimaldi admits that it is an Italian for profit corporation and was the time charter of M/V Hoegh Xiamen at all times material hereto. The remaining allegations of Paragraph No. 13 of the Amended Complaint are denied.

14. The allegations of Paragraph No. 14 of the Amended Complaint are denied.

15. The allegations of Paragraph No. 15 of the Amended Complaint are denied.

16. The allegations of Paragraph No. 16 of the Amended Complaint are denied.

17. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 17 of the Amended Complaint, and the same are therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

**FACTS FOR ALL COUNTS**

23. Without knowledge, therefore denied.

24. Grimaldi admits that a cargo was dropped off at the Jacksonville Port and supposed to sail on board M/V Hoegh Xiamen on June 4, 2020. The remaining allegations of Paragraph No. 24 of the Amended Complaint are denied.

25. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 25 of the Amended Complaint, and the same are therefore denied.

26. Grimaldi admits that it was the time charterer of M/V Hoegh Xiamen. The remaining allegations of Paragraph No. 26 of the Amended Complaint are denied.

27. The allegations of Paragraph No. 27 of the Amended Complaint are admitted.

28. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 28 of the Amended Complaint, and the same are therefore denied.

29. The allegations of Paragraph No. 29 of the Amended Complaint are admitted.

30. The allegations of Paragraph No. 30 of the Amended Complaint are admitted.

31. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 31 of the Amended Complaint, and the same are therefore denied.

32. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 32 of the Amended Complaint, and the same are therefore denied.

**COUNT I**

**NEGLIGENCE OF HOEGH SHIPPING AND HOEGH MANAGEMENT (OWNER/MANAGER)**

33. The allegations of Paragraph No 47. through 51 of the Amended Complaint are directed against a party other than Grimaldi. To the extent that the allegations of Paragraph No. 47 through 51 of the Amended Complaint allege factual matters requiring a response from Grimaldi, the same are denied.

**COUNT II**

**NEGLIGENCE OF GRIMALDI AND GRIMALDI MANAGEMENT**

34. Grimaldi reaffirms and realleges the allegations contained in Paragraph No. 1 through 6, 13 through 16, and 23 through 32, as fully as set out herein.

35. Grimaldi admits that at all times material hereto, it was the time charterer of M/V Hoegh Xiamen. The remaining allegations of Paragraph No. 53 of the Amended Complaint are denied.

36. To the extent that Paragraph No. 54 of the Amended Complaint alleges factual matters requiring a response from Grimaldi, the same are denied.

37. To the extent that Paragraph No. 55 of the Amended Complaint alleges factual matters requiring a response from Grimaldi, the same are denied.

38. The allegations of Paragraph No. 56 of the Amended Complaint, and subparagraph (a) through (j) thereof, are denied.

39. The allegations of Paragraph No. 56 of the Amended Complaint are denied.

WHEREFORE, having fully answered, Grimaldi requests that Plaintiffs Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

**COUNT III**

**NEGLIGENCE OF HORIZON AND HOEGH AUTOLINERS**

40. The allegations in Paragraph Nos. 57 through 62 of the Amended Complaint are directed against parties other than Grimaldi. To the extent that allegations of Paragraphs Nos. 57 through 62 of the Amended Complaint allege factual matters requiring a response from Grimaldi, the same are denied.

WHEREFORE, having fully answered, Grimaldi requests that Plaintiffs Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

**COUNT IV**

**NEGLIGENCE OF SSA**

41. The allegations in Paragraph Nos. 63 through 67 of the Amended Complaint are directed against parties other than Grimaldi. To the extent that the allegations of Paragraphs No. 63 through 67 of the Amended Complaint allege factual matters requiring a response from Grimaldi, the same are denied.

**COUNT V**

**BREACH OF CONTRACT AND NEGLIGENCE OF AUTO EXPORT SHIPPING INC. AND AUTO EXPORT SHIPPING MANAGEMENT**

42. The allegations in Paragraphs Nos. 68 through 71 of the Amended Complaint are directed against parties other than Grimaldi. To the extent that the allegations of Paragraphs Nos. 68 through 71 of the Amended Complaint allege factual matters requiring a response from Grimaldi, the same are denied.

**COUNT VI**

**FRAUD BY ALL DEFENDANTS**

43. Grimaldi reaffirms and realleges the allegations contained in Paragraph No. 1 to 32 above as fully as set out herein.

44. The allegations of Paragraph No. 73, and subparagraphs (a) through (o) thereof, are denied.

45. As to Grimaldi the allegations of Paragraph No. 74 are denied.

WHEREFORE, having fully answered, Grimaldi requests that Plaintiffs Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

**COUNT VII**

**INTENTIONAL CONFLICTION OF ECONOMIC DAMAGES FOR ALL DEFENDANTS**

46. Grimaldi reaffirms and realleges the allegations contained in Paragraphs Nos. 1 to 32 above, as fully as set out herein.

47. The allegations of Paragraph No. 76 and subparts (1) through (h) thereof, are denied.

WHEREFORE, having fully answered, Grimaldi requests that Plaintiffs Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

**COUNT VIII**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY ALL DEFENDANTS**

48. Grimaldi reaffirms and realleges the allegations contained in Paragraphs Nos. 1 to 32 above, as fully as set out herein.

49. The allegations of Paragraph No. 78 of the Amended Complaint, and subparts (a) through (d) thereof, are denied.

WHEREFORE, having fully answered, Grimaldi requests that Plaintiffs Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

**COUNT IX**

**LOSS OF CLIENT AND/ OR PROSPECTIVE CLIENTS**

50. Grimaldi reaffirms and realleges the allegations contained in Paragraph Nos. 1 to 32 above, as fully as set out herein.

51. The allegations of Paragraph No. 80 of the Amended Complaint, and subparts (a) through (f) thereof, are denied.

WHEREFORE, having fully answered, Grimaldi requests that Plaintiffs Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

**COUNT X**

**EMBEZZLEMENT BY ALL DEFENDANTS**

52. Grimaldi reaffirms and realleges the allegations contained in Paragraph Nos. 1 to 32 above, as fully as set out herein.

53. The allegations of Paragraph No. 82 of the Amended Complaint are denied.

54. Grimaldi does not possess sufficient information to admit or deny the allegations of Paragraph No. 83 of the Amended Complaint, and the same are therefore denied.

55. The allegations of Paragraph No. 85 of the Amended Complaint are denied.

56. (No Number) The allegations of this unnumbered Paragraph of the Amended Complaint are denied.

WHEREFORE, having fully answered, Grimaldi requests that Plaintiffs Amended Complaint, and each count thereof, be dismissed and that Grimaldi recover its costs.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that this action is governed by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, et.seq.(COGSA), and Plaintiffs Amended Complaint, and each count thereof, are time barred for being filed more than a year after COGSA's statute of limitation had expired. *See* 46 U.S.C. § 1303(6).

**SECOND AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that Plaintiffs Amended Complaint, and each count thereof, is time barred for being filed more than a year after the time bar and time to sue provision of the contract of carriage/ bill of lading issued with respect to Plaintiff's goods/ cargo.

**THIRD AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that collateral estoppel applies as a bar to Plaintiffs Amended Complaint, and each count thereof, based on a final judgment entered in an earlier filed state court action instituted by Plaintiff Tatieta.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that the shipment described in Plaintiffs Amended Complaint is subject to all the terms, conditions, and exceptions contained in any applicable charter party agreement, service contract, tariff, and bills of lading then and there issued therefore by which shippers, merchants, and consignees of said bills of lading agreed to be and are bound.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that any shortage, loss, and or damage to the shipment was due to causes for which Grimaldi is not liable or responsible by virtue of the provisions of COGSA, and or the Harter Act, and or the Hague-Visby Rules, and or the provisions of the Bill of Lading, and or the general maritime law, and or applicable foreign law, and or the applicable charter parties or any other contracts.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that it exercised due diligence to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit, and safe for their reception, carriage, and preservation.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that its maximum liability, if any, is five hundred dollars per package or per customary freight unit for goods not in packages as agreed in the provisions of the bill of lading and pursuant to the provisions of COGSA, § 4(5).

In the alternative, the maximum liability of Grimaldi, if any, is 666.67 SDRs per package or unit or two SDRs per kilo of gross weight, as agreed in the provisions of the bill of lading or pursuant to the provisions of the Hague-Visby Rules, Article IV(5).

**EIGHT AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that this lawsuit must be dismissed as against Grimaldi because it has not been brought in the contractually agreed forum, that is, the Courts of Naples, Italy. Forum selection clauses are valid and enforceable in a maritime case involving the carriage of goods by sea. *See. Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528 (1995). Accordingly, this lawsuit must be dismissed against Grimaldi.

**NINTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that any damage to the subject cargo was caused by the acts of third parties or their agents for which Grimaldi is not responsible.

**TENTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that if Plaintiff's cargo suffered any loss or damage, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to the provisions of COGSA, § 4(2)(q) and or the Hague-Visby Rules, Article IV(2)(q), and by the terms of the contract of carriage.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that Grimaldi is not liable for damage to the cargo caused by fire by reason of the fire statute, 46 U.S.C. § 30504 and COGSA §4(2).

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that if the goods were lost and or damaged, the loss and their damage was caused by a latent defect not discoverable by due diligence, and the carrier is not liable pursuant to COGSA §4(2) and or the Hague-Visby Rules, Article IV(2)(p) and by the terms of the contract of carriage.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that if the goods were lost and or damaged, the loss and or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to COGSA §4(2)(a) and or the Hague-Visby Rules, Article IV(2)(a) and by the terms of the contract of carriage.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that Plaintiffs failed to mitigate or avoid the consequences of their damages, and any recovery should be barred or reduced accordingly.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that under the factual circumstances, consequential damages are not a recoverable element of damages within the General Maritime Law of the United States and COGSA or the Hague-Visby Rules, and or by the terms of the contract of carriage.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that under the factual circumstances, punitive damages are not a recoverable element of damages within the General Maritime Law of the United States.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant, GRIMALDI DEEP SEA S.p.A., alleges that under the factual circumstances, attorneys fees are not a recoverable element of damages within the General Maritime Law of the United States.

Dated this 9th day of June.

Respectfully submitted,

David F. Pope

David F. Pope – FBN 164452
Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Service-dpope@bankerlopez.com
Service-ethiel@bankerlopez.com
*Attorneys for Defendant, Grimaldi Deep Sea S.p.A.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 9th day of JUNE, 2023, a copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Saydatou Tatieta, Burkina Auto Group, and Ismalia Ilboudo, tatitasay@yahoo.fr, and ismo_2010@yahoo.fr, 19350 W. Street, Omaha, NE 68135, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing, and which will send a Notice of Electronic Filing to all counsel of record authorized to receive electronic Notice of Filing: Robert W. Blanck, Esq., rblanck@shiplawusa.com, and William B. Blanck, Esq., wblanck@shiplawusa.com.

David F. Pope
David F. Pope – FBN 164452
Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Service-dpope@bankerlopez.com
Service-ethiel@bankerlopez.com
*Attorneys for Defendant, Grimaldi Deep Sea S.p.A.*