UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAYDATOU TATIETA and ISMAILA ILBOUDO,

    Plaintiffs,

v.                                                                 Case No. 3:22-cv-1046-TJC-JBT

AUTO EXPORT SHIPPING INC.,
AUTO EXPORT SHIPPING
MANAGEMENT, GRIMALDI DEEP
SEA SPA (GRIMALDI), GRIMALDI
MANAGEMENT, SSA ATLANTIC,
LLC, HORIZON TERMINAL
SERVICES LLC, HOEGH
AUTOLINERS SHIPPING AS, HOEGH
AUTOLINERS MANAGEMENT AS,
and HOEGH AUTOLINERS, INC,

    Defendants.

## O R D E R

This maritime tort and breach of contract case is before the Court on Defendants Auto Export Shipping, Inc., and Auto Export Shipping Management's Motion to Dismiss pro se Plaintiffs Saydatou Tatieta and Ismaila Ilboudo's Amended Complaint. (Doc. 19). Tatieta responded in opposition. (Doc. 24). Because the claims against these Defendants are barred by res judicata, dismissal is warranted.

## I. BACKGROUND

### A. Plaintiffs' Allegations[1]

Tatieta owns a company that buys and exports vehicles. (Doc. 6 ¶ 4). Ilboudo is Tatieta's spouse. Id. ¶ 6. Auto Export Shipping, Inc., is a freight forwarding shipping company, and Auto Export Shipping Management is its manager.[2] Id. ¶¶ 19, 21. In May 2020, Tatieta contracted with AES to arrange insured transportation of a vehicle from Jacksonville, Florida, to Benin. Id. ¶ 23. After the vehicle was loaded onto the cargo vessel on June 4, 2020, the cargo vessel caught fire and Tatieta's vehicle was damaged. Id. ¶¶ 29, 30. In August 2020, Tatieta's vehicle was declared a total loss and was scrapped. Id. ¶ 30. An insurance claim followed. Id.

Plaintiffs allege the following:[3]

- AES breached the contract and was negligent in a number of ways, including failing to provide insured and reliable transportation and failing to help process the insurance claims. Id. ¶¶ 68–71 (Count V).

- All Defendants engaged in fraud by telling Plaintiffs false and conflicting information about their insurance claim. Id. ¶¶ 72–74 (Count VI).

---

[1] These allegations, assumed as true, are taken from the Amended Complaint. (Doc. 6).

[2] Auto Export Shipping, Inc., asserts that Auto Export Shipping Management is a non-entity and brings the Motion to Dismiss on Auto Export Shipping Management's behalf. (Doc. 19 at 1). Together, the parties are referred to as "AES."

[3] Counts I through IV involve other Defendants and are not at issue here.

2

- All Defendants committed "[i]ntentional confliction of economic damages" by dismissing or mishandling Plaintiffs' insurance claim and failing to return the transport fees. Id. ¶¶ 75–76 (Count VII).

- All Defendants intentionally inflicted emotional distress by contributing to the cargo damages and mishandling the insurance claim and transport fees. Id. ¶¶ 77–78 (Count VIII).

- All Defendants caused Plaintiffs to lose clients. Id. ¶¶ 79–80 (Count IX).

- All Defendants engaged in embezzlement by keeping money that belonged to Plaintiffs, including $965 in transport fees and $4,609.20 for the cargo loss. Id. ¶¶ 81–85 (Count X).

Plaintiffs seek replacement of the vehicle lost in the fire, return of transport fees, punitive damages, and economic damages arising from the cost of the lawsuit. Id. at 11–14.

### B.  Tatieta's State Court Action

On July 2, 2021, Tatieta filed a complaint in the County Court of the Fourth Judicial Circuit in and for Duval County against AES for breach of contract and "expenses and damages" arising from the same incident as alleged in the instant case. Tatieta v. Auto Export Shipping, Inc., No. 16-2021-CC-006872-MA (Fla. 4th Cir. Ct. 2021); (Doc. 19-1 at 4–7). In Count I, "Breach of Contract," Tatieta alleged that AES owed her a refund of $965 for the fees paid for the shipment of the vehicle. Id. at 6. In Count II, "Expenses and Damages," Tatieta alleged that AES had a duty

3

to ensure the cargo vessel was safe and reliable, and it breached that duty, making it liable for the damage to Tatieta's vehicle. Id. Tatieta further alleged that AES was negligent in failing to process the insurance claim in a reasonable time, resulting in financial and emotional damage to Tatieta. Id. at 7. Tatieta sought damages sufficient to repair the vehicle or to buy a new one, along with economic damages arising from the cost of the lawsuit. Id.

On February 2, 2022, the state court dismissed Tatieta's complaint with prejudice because the action was governed by the Carriage of Goods at Sea Act (COGSA), which preempts all state law claims, and COGSA's one-year statute of limitations had run. (Doc. 19-2). Tatieta filed a motion for rehearing, which the state court denied on June 1, 2022. (Docs. 19-3, 19-4). Tatieta then filed the instant federal court action on September 26, 2022. (Doc. 1).

### C. Summary of Parties' Arguments

AES moves to dismiss Plaintiffs' Amended Complaint on several grounds. (Doc. 19). It argues that the claims should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and the Rooker-Feldman[4] doctrine because the state court dismissed some of Tatieta's claims before the instant federal case was filed, and Tatieta's other claims are "inextricably intertwined" with the claims already dismissed by the state court. Id.

---

[4] See Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923), and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

4

at 2–10. AES also argues that the claims should be dismissed because the claims are barred by res judicata and collateral estoppel, the Amended Complaint is an improper shotgun pleading, and Counts VI through X do not state viable causes of action. Id. at 11–17.

Tatieta argues that Rooker-Feldman does not apply because the instant case involves AES's insured transportation of the vehicle, while the state court case was based on a contract for shipment of the vehicle. (Doc. 24 at 1–2). Tatieta also argues that res judicata and collateral estoppel do not apply because the state court passed judgment without jurisdiction. Id. at 3.

Ilboudo does not join Tatieta's Response, nor did he independently file a Response, and the time to do so has expired. On March 6, 2023, the Court informed Plaintiffs of Local Rule 3.01(c) and explained that if they do not timely respond to motions filed by other parties, including motions to dismiss, the Court may assume that Plaintiffs do not oppose the motion. (Doc. 12 at 2–3). Accordingly, the Motion to Dismiss is treated as unopposed by Ilboudo. However, because Ilboudo's claims are the same as Tatieta's claims, the Court still considers Ilboudo's claims.

5

## II.   RES JUDICATA[5]

"The general principle of res judicata prevents the relitigation of issues and claims already decided by a competent court." Cmty. State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011). For res judicata to apply under Florida law,[6] there must be: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made; and (5) the original claim was disposed on the merits." Lozman v. City of Riviera Beach, 713 F.3d 1066, 1074 (11th Cir. 2013) (alteration in original) (internal quotation marks and

---

[5] "Although res judicata is an affirmative defense that is properly raised under Federal Rule of Civil Procedure 8(c)(1), a party may raise it in a Rule 12(b)(6) motion to dismiss 'where the defense's existence can be judged on the face of the complaint.'" Harrell v. Bank of Am., N.A., 813 F. App'x 397, 400 (11th Cir. 2020) (quoting Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982)). To make this determination, the Court "may consider documents attached to the complaint and take judicial notice of state and federal court records of prior proceedings." Id. (citing United States ex rel. Osheroff v. Humana, Inc., 776 F.3d 805, 811–12, 811 n.4 (11th Cir. 2015)). The Court may consider the judicially noticed state court documents without converting the motion to dismiss to a motion for summary judgment. See, e.g., Lozman v. City of Riviera Beach, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); Sporea v. Regions Bank, N.A., No. 20-11812, 2021 WL 2935365, at *2 (11th Cir. July 13, 2021). (The Court does not rely on unpublished opinions as binding precedent, however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022)).

[6] This case is before the Court under its maritime jurisdiction; however, "[i]n considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion." Cmty. State Bank, 651 F.3d at 1263.

6

citations omitted). Under Florida law, res judicata applies not only to claims that were actually raised in the prior action, but also to claims that could have been raised. Long v. Sec'y, Dept. of Corr., 924 F.3d 1171, 1179–80 (11th Cir. 2019) (collecting cases).

"Identity of the cause of action is present when the 'facts [that] are essential to the maintenance of [the] federal action are identical to those facts which were essential to the maintenance of the prior state action.'" Symonette v. Aurora Loan Servs., LLC, 631 F. App'x 776, 778 (11th Cir. 2015) (quoting McDonald v. Hillsborough Cnty. Sch. Bd., 821 F.2d 1563, 1565 (11th Cir. 1987)).

Identity of the persons and parties to the action is present when the parties or their privies are identical in the prior and subsequent actions. Lozman, 713 F. 3d at 1075 n.7. "To be in privity with one who is a party to a lawsuit, one must have an interest in the action such that she will be bound by the final judgment as if she were a party." Gentile v. Bauder, 718 So. 2d 781, 783 (Fla. 1998). "Privity is a mutuality of interest, an identification of interest of one person with another . . . ." AMEC Civ., LLC v. PTG Const. Servs. Co., 106 So. 3d 455, 456 (Fla. 3d DCA 2012) (quoting Radle v. Allstate Ins. Co., 758 F. Supp. 1464, 1467 (M.D. Fla. 1991)). "[O]ne party may be said to be a privy of another where the right to recover is dependent upon the right of recovery of the plaintiff in the prior action." Fernandez v. Cruz, 341 So. 3d 410, 414 (Fla. 3d DCA 2022); see also Sanchez v. Martin, 416 So. 2d 15, 16 (Fla. 3d DCA 1982) (applying res judicata to bar husband's subsequent loss-of-

7

consortium action even though husband was not a party to wife's unsuccessful personal injury action).

Identity of the quality or capacity of the persons for or against whom the claim is made is present when "parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties in the federal action." Symonette, 631 F. App'x at 788 (quoting McDonald, 821 F.2d at 1566).

Finally, a dismissal based on the statute of limitations is an adjudication on the merits for purposes of res judicata. See Allie v. Ionata, 503 So. 2d 1237, 1242 (Fla. 1987).

## III. DISCUSSION[7]

Res judicata bars Plaintiffs' claims against AES.[8] Tatieta raised many of the claims in the instant case in state court, and she could have raised the remaining claims in the same state court action. Each res judicata element is met.

---

[7] AES argues that Rooker-Feldman bars the Court's consideration of Plaintiffs' claims. (Doc. 19 at 2–10). However, the Eleventh Circuit has cautioned district courts that Rooker-Feldman "almost never appl[ies]." Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021). Here, Rooker-Feldman does not apply, and the Court properly exercises subject matter jurisdiction over Plaintiffs' claims.

[8] Tatieta argues that her federal claims are not barred by res judicata because the state court did not have jurisdiction over her claims. (Doc. 24 at 3). Tatieta's argument is unavailing, however, because under the "saving to suitors" clause of 28 U.S.C. § 1333(1), state courts have concurrent jurisdiction with federal courts as to in personam maritime claims. DeRoy v. Carnival Corp., 963 F.3d 1302, 1313–14 (11th Cir. 2020).

8

The first element, identity of the thing sued for, is met because the suits are for the same thing: damages for the lost vehicle, unrefunded transportation fees, and other economic damages.

The second element, identity of the cause of action, is also met. The facts and legal theories alleged in both cases are essentially the same: Tatieta and AES arranged the shipment of a vehicle, the vehicle was lost in a fire aboard the cargo vessel, AES did not adequately assist Tatieta with her insurance claim, and AES retained Tatieta's shipping fee. (Compare Doc. 6, with Doc. 19-1).

The third element, identity of the persons and parties to the action, is also met. Although Auto Export Shipping Management was not named in the state court action, Plaintiffs allege it is Auto Export Shipping Inc.'s manager, and thus the companies are in privity. Likewise, Ilboudo and Tatieta are in privity. Plaintiffs allege that only Tatieta and her company owned the damaged car, (Doc. 6 ¶¶ 4–5), so Ilboudo's right to recover is dependent on Tatieta's right to recover.[9] See Fernandez, 341 So. 2d at 414.

---

[9] In the Amended Complaint, Plaintiffs mention loss of consortium, (Doc. 6 ¶ 6), but do not make a claim for loss of consortium in any Count. It is doubtful consortium applies in this context. Even if the Court considered a loss of consortium claim, Ilboudo and Tatieta would still be in privity and res judicata would bar the claim. See Sanchez, 416 So. 2d at 16.

9

The fourth element, identity of the quality or capacity of the persons for or against whom the claim is made, is also met because Plaintiffs and AES had the same incentive to adequately litigate in state court as they have here.

Finally, the fifth element, requiring that the original claim was disposed on the merits, is met because the state court action was dismissed with prejudice.

Res judicata also applies to the remainder of the Plaintiffs' federal claims that were not explicitly raised in state court because they derive from the same incident and could have been raised in the state court action. Accordingly, res judicata bars each of Plaintiffs' claims against AES.[10]

---

[10] Even if Counts VI through X were not barred by res judicata, they do not state plausible claims for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Count VI, "Fraud by all Defendants," (Doc. 6 ¶¶ 72–74), does not satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b) because it is a claim against nine Defendants, and it alleges no specific actions by AES. Count VII, "Intentional confliction of economic damages for all defendants," (id. ¶¶ 75–76), appears to be duplicative of Count V to the extent that it alleges that AES mishandled the insurance claim, and it otherwise appears to be a request for damages. Count VIII, "intentional infliction of emotional distress by all defendants," (id. ¶¶ 77–78), is conclusory and does not state a claim for intentional infliction of emotional distress, even liberally construed. See Sangha v. Navig8 Ship Mgmt. PTE Ltd., 440 F. Supp. 3d 1286, 1300–01 (S.D. Ala. 2020) (explaining how courts evaluate an intentional infliction of emotional distress claim under general maritime law). Count IX, "loss of client and/or prospective clients," (Doc. 6 ¶¶ 78–80), appears to be a request for loss of business damages rather than a claim for relief. Finally, Count X, "Embezzlement by all Defendants," (id. ¶¶ 81–85), is a criminal cause of action that does not provide for enforcement by civil litigants. See Miller v. Coastline Mgmt., No. 21-00069, 2021 WL 5832999, at *3 (S.D. Ala. Nov. 10, 2021) (citing 18 U.S.C. §§ 641–670). "Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute." Johnson v. Champions, 990 F. Supp. 2d 1226, 1245 (S.D. Ala. 2014).

**IV. DEFENDANTS NOT YET SERVED**

On February 14, 2023, the Court entered an Order to Show Cause why this case should not be dismissed for failure to demonstrate timely service of process on all defendants in accordance with Federal Rule of Civil Procedure 4(m). (Doc. 5). On March 1, 2023, Tatieta responded to the Order to Show Cause requesting more time to serve the defendants, (Doc. 11), which the Court granted, extending the deadline to May 8, 2023. (Doc. 14). On May 8, 2023, Tatieta requested another extension of the deadline, (Doc. 25), which the Court granted, extending the deadline to June 7, 2023. (Doc. 30). To date, Plaintiffs have not demonstrated timely service of process on Defendants Grimaldi Management, SSA Atlantic, LLC, Horizon Terminal Services, LLC, Hoegh Autoliners Shipping AS, Hoegh Autoliners Management AS, and Hoegh Autoliners, Inc., nor have these Defendants appeared in the case. Accordingly, the claims against these Defendants are dismissed without prejudice for failure to demonstrate timely service of process in accordance with Federal Rule of Civil Procedure 4(m).

Accordingly, it is hereby

**ORDERED:**

1. Defendants Auto Export Shipping, Inc., and Auto Export Shipping Management's Motion to Dismiss (Doc. 19) is **GRANTED.**[11] Counts V

---

[11] Because dismissing the claims against AES as barred by res judicata is warranted, the Court need not address AES's remaining arguments.

11

through X of the Amended Complaint against Defendants Auto Export Shipping, Inc., and Auto Export Shipping Management (Doc. 6) are **DISMISSED with prejudice.**[12]

2. All Counts against Defendants Grimaldi Management, SSA Atlantic, LLC, Horizon Terminal Services, LLC, Hoegh Autoliners Shipping AS, Hoegh Autoliners Management AS, and Hoegh Autoliners, Inc., are **DISMISSED without prejudice.**

3. Defendant Grimaldi Deep Sea S.p.A. remains in the case. Plaintiffs and Grimaldi Deep Sea S.p.A. are ordered to file a case management report in accordance with Local Rule 3.02(a)(2) by November 9, 2023.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of October, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

hkf
Copies:

Pro se Plaintiffs
Counsel of record

---

[12] The Court will withhold entry of judgment until the case concludes. AES requests it be awarded fees, (Doc. 19 at 17), but because AES provides no authority for a fee award, the Court does not consider its request.